Argued and submitted August 26, 2010, reversed and remanded April 20, 2011

### STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

### FRANCISCO ALMANZA-GARCIA,
*Defendant-Appellant.*

Marion County Circuit Court
07C47796; A140520

255 P3d 613

Elizabeth Corbridge Ranweiler, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Matthew J. Lysne, Assistant Attorney General, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Anna M. Joyce, Assistant Attorney General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

PER CURIAM

## PER CURIAM

Defendant appeals from judgments of conviction for two counts of first-degree rape and one count of first-degree sodomy. In his first assignment of error, he contends that the trial court plainly erred by admitting testimony of a diagnosis of child sexual abuse in the absence of physical evidence of abuse. *State v. Lupoli*, 348 Or 346, 234 P3d 117 (2010); *State v. Southard*, 347 Or 127, 218 P3d 104 (2009). We agree and therefore reverse and remand.

The state argues that, because defendant was tried to the court rather than to a jury, it is not plain that error occurred and this court should not exercise its discretion to review the error. The disputed evidence, however, was part of the record in a case that hinged on whether defendant or the victim was more credible. As the trial court observed while rendering its verdict, "[t]his is a case where there were only two people present, as is usually the case in this type of offense, and I wasn't there. * * * I have to go by piecing everything together like a puzzle, based on what people tell me in court." Although the trial court did not specifically refer to the diagnosis in making its findings of fact—noting only that the doctor clarified some points and was very good at avoiding asking leading questions or putting words in anyone's mouth—that does not mean that the court did not consider the diagnosis in reaching its verdict. *State v. Davilia*, 239 Or App 468, 478, 244 P3d 855 (2010). We conclude that the admission of the evidence was error, and we exercise our discretion to correct the error for the reasons set forth in *State v. Gonzales*, 241 Or App 353, 360-61, 250 P3d 418 (2011).

In light of our disposition of defendant's first assignment of error, we need not reach his other two assignments of error.

Reversed and remanded.